# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>GARY M. HEIDENFELDT,<br><br>                    Defendant. | Case No. 14-cr-00330-DKW-1<br><br>**ORDER DENYING DEFENDANT GARY M. HEIDENFELDT'S REQUEST FOR COMPASSIONATE RELEASE** |

On September 14, 2018, Defendant Gary M. Heidenfeldt filed a letter requesting a non-medical compassionate release from prison, which this Court construes as a motion for the same relief.  Dkt. No. 78.  On October 15, 2018, the United States filed a response in opposition to the motion.  Dkt. No. 80.  With no hearing having been requested and the record being sufficiently clear from the parties' filings, the Court DENIES the motion for compassionate release.

As the government asserts in its opposition, a district court cannot reduce a term of imprisonment on the grounds of compassionate release unless the Bureau of Prisons moves for such a reduction.  *See* 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Rayonez*, 2010 WL 2690622, at *1 (D. Ariz. July 6, 2010).[1]  Here, the

---

[1]The Court notes that there are other grounds upon which a sentence can be modified, *see* 18 U.S.C. § 3582(c), but Heidenfeldt does not move for relief on any of those grounds.

Bureau of Prisons has not filed a motion for Heidenfeldt's compassionate release. Rather, Heidenfeldt has filed such a motion. As a result, the Court has no authority to provide Heidenfeldt with the relief that he seeks, and his motion must be denied.[2]

IT IS SO ORDERED.

DATED: October 18, 2018 at Honolulu, Hawai'i.

Derrick K. Watson
United States District Judge

---

[2]The Court notes that, in its opposition, the government states that Heidenfeldt asked the Bureau of Prisons to file a motion for compassionate release on his behalf, and the Bureau denied that request. (Dkt. No. 80 at 6.) Although Heidenfeldt does not challenge (or even mention) that denial in his motion, to the extent the motion can be considered as seeking relief from the Bureau of Prisons' denial, the Court agrees with the government that it lacks authority to review the Bureau's decision. *See Espinoza v. Maye*, 2014 WL 4194095, at *10 (E.D. Cal. Aug. 22, 2014); *see also Simmons v. Christensen*, 894 F.2d 1041, 1043 (9th Cir. 1990) (reaching the same conclusion with respect to 18 U.S.C. § 4205(g), which is the predecessor to 18 U.S.C. § 3582(c)(1)(A)).